UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SARAH AARON, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> SMITHKLINE BEECHAM CORPORATION, *doing business as GlaxoSmithKline*, <br><br> Defendants. | Case No. 09-cv-1071-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiffs' Motion to Remand (Doc. 5). Specifically, Plaintiffs seek to remand this case to the Twentieth Judicial Circuit, St. Clair County, Illinois, for lack of subject matter jurisdiction. Defendant SmithKline Beecham Corporation ("SKB") filed a Response (Doc. 6) to Plaintiffs' motion, to which Plaintiffs filed a Reply (Doc. 7). In addition, SKB filed a Motion (Doc. 8) for a hearing that would permit oral argument on the issues currently before the Court. Lastly, Plaintiffs' filed a Motion (Doc. 11) to supplement their motion, to which SKB filed a Response (Doc. 12).

For the following reasons, the Court, *inter alia*, **GRANTS** Plaintiffs' Motion to Remand (Doc. 5).

### BACKGROUND

In this case, some ninety-nine Plaintiffs seek damages for personal injuries allegedly caused by Avandia, a prescription medication manufactured and distributed by SKB. The Complaint (Doc. 2-1), which was originally filed on November 12, 2009, in St. Clair County, Illinois, asserts claims for strict products liability, intentional infliction of emotional distress, negligent infliction of emotional distress, common law fraud, negligence, negligent

misrepresentation, fraudulent misrepresentation, breach of express warranty, breach of implied warranty, violation of the Illinois Survival Act and the Illinois Family Expenses Act, 755 ILCS 5/27-6 and 750 ILCS 65/15 respectively, and wrongful death. On December 28, GlaxoSmithKline, LLC ("GSK"), which claims to be the successor-in-interest to SKB,[1] removed the case to this Court on grounds of alleged diversity jurisdiction. *See* 28 U.S.C. § 1332 (2006).

Before delving into analysis of the instant motion, the Court notes that both Chief District Judge David R. Herndon and District Judge G. Patrick Murphy recently remanded cases that are very similar to that currently before the Court. *See Alexander v. SmithKline Beecham Corp.*, No. 09-cv-1072-DRH, 2010 WL 750031, at *5 (S.D. Ill. Mar. 3, 2010); *Colon v. SmithKline Beecham Corp.*, No. 09-v-1073-GPM, 2010 WL 46523, at *5 (S.D. Ill. Jan. 5, 2010). This is especially true with respect to *Alexander*, which contained nearly identical briefing on a motion to remand and other related motions.[2] While Chief Judge Herndon's order of remand in *Alexander* is not binding on this Court, the Court finds its reasoning to be both sound and persuasive. As such, the Court **GRANTS** Plaintiffs' Motion (Doc. 11) to supplement, and said order will largely be adopted throughout the Court's analysis herein.

## ANALYSIS

**I.      Removal and Remand Generally**

As an initial matter the Court notes the standard under which it must evaluate the instant motion for remand. Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State

---

[1]GSK apparently takes issue with being termed the "successor-in-interest" of SKB, but, as will be discussed *infra*, this identifier is appropriate.

[2]In their Motion (Doc. 11) to supplement, Plaintiffs ask that the Court consider *Alexander* in ruling on remand.

court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (2006). *See also Rubel v. Pfizer Inc.*, 361 F.3d 1016, 1017 (7th Cir. 2004); *Jones v. Gen. Tire & Rubber Co.*, 541 F.2d 660, 664 n.5 (7th Cir. 1976); *Potter v. Janus Inv. Fund*, 483 F. Supp. 2d 692, 694-95 (S.D. Ill. 2007). The party seeking removal, as the proponent of federal subject matter jurisdiction, has the burden of proof as to the existence of such jurisdiction. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006); *In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 607 (7th Cir. 1997). "'Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum.' Put another way, there is a strong presumption in favor of remand." *Fuller v. BNSF Ry. Co.*, 472 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007) (quoting *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)). Finally, "[a]ll doubts about the propriety of removal are to be resolved in favor of remand." *Sabo v. Dennis Techs., LLC*, No. 07-cv-283-DRH, 2007 WL 1958591, at *2 (S.D. Ill. July 2, 2007).

Here, as noted, the source of the Court's jurisdiction alleged by GSK is diversity jurisdiction. In general, of course, the exercise of federal subject matter jurisdiction in diversity requires that the parties to a case be of completely diverse state citizenship, that is, no plaintiff may be a citizen of the same state as any defendant, and that an amount in excess of $75,000, exclusive of interest and costs, be in controversy. *See* 28 U.S.C. § 1332(a)(1) (2006); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008); *Vogel v. Merck & Co.*, 476 F. Supp. 2d 996, 998 (S.D. Ill. 2007). For purposes of federal diversity jurisdiction, a natural person is a citizen of the state where he or she is domiciled, which is to say, the state where the person is physically present with an intent to remain there indefinitely. *See Dakuras v. Edwards*,

312 F.3d 256, 258 (7th Cir. 2002); *Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996); *Cassens v. Cassens*, 430 F. Supp. 2d 830, 833-34 (S.D. Ill. 2006). A person who sues in a representative capacity on behalf of a decedent shares the citizenship, which is to say, the domicile, of the decedent. 28 U.S.C. § 1332(c)(2) (2006).[3] For diversity purposes, a corporation is a citizen of both the state where it is incorporated and the state where it maintains its principal place of business, with the corporation's principal place of business being determined by the state where the corporation has its headquarters or nerve center. *See Id.* § 1332(c)(1); *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192-93 (2010); *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 250 (7th Cir. 1981); *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 836 (S.D. Ill. 2006). Finally, a limited liability company ("LLC") is deemed to share the citizenship of each of the LLC's members for purposes of federal diversity jurisdiction. *See Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007); *Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir. 2006); *LaRoe v. Cassens & Sons, Inc.*, 472 F. Supp. 2d 1039, 1040 (S.D. Ill. 2006).

In this instance, there appears to be no dispute that Plaintiffs' claims are each worth in excess of $75,000, exclusive of interest and costs, given the severe and permanent physical injuries Plaintiffs allege that they have suffered as a result of using Avandia, together with allegations of aggravated misconduct by SKB, including fraud and deliberate infliction of emotional distress, potentially warranting an award of punitive damages. *See Andrews v. E.I. Du Pont De Nemours & Co.*, 447 F.3d 510, 514-15 (7th Cir. 2006) (addressing *sua sponte* on appeal the issue of subject matter jurisdiction in a case removed in diversity, and holding that

---

[3]Plaintiff Shirley Brown is bringing suit as the executrix of the estate of Jerry D. Brown, and Plaintiff Catherine Clark is bringing suit on behalf of the estate of James H. Clark. Meanwhile, Plaintiff Sue E. Caldwell is acting as attorney-in-fact for Betty J. Harter.

jurisdiction was proper where the plaintiff's complaint sought damages "in excess of $50,000" and alleged "severe and permanent" injuries, and where discussion between the parties' counsel led the removing defendant to believe the plaintiff's medical and rehabilitation expenses alone would exceed $75,000, and the plaintiff did not challenge the removing defendant's estimate of his potential damage); *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006) (in a removed case arising from a slip-and-fall incident at a motel, holding that the minimum amount in controversy for purposes of federal diversity jurisdiction was satisfied where the plaintiff's medical expenses and lost earnings amounted to $45,000, so that "[a] modest allowance for pain, suffering, and future losses (either income foregone or medical expenses incurred) brings the total over the threshold."); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428-29 (7th Cir. 1997) (holding the amount in controversy for diversity purposes was satisfied where the plaintiff's medical expenses amounted to $4,400 and the plaintiff sought damages for "future medical treatment and disability care, future pain and suffering, future mental anguish, loss of past wages and impairment of future earning capacity"); *Anthony v. Sec. Pac. Fin. Servs., Inc.*, 75 F.3d 311, 317-18 (7th Cir. 1996) (punitive damages in a ratio of two or three times a plaintiff's actual damages properly can be reckoned into the amount in controversy)

      However, the Court's analysis is incomplete because the record discloses the following defect: Plaintiffs Nicholas Berkich, Richard Earl Churchel, and Theodore Leshen are citizens of Pennsylvania, as is SKB, which was incorporated under Pennsylvania law with its principal place of business in Pennsylvania and thus, for reasons discussed *supra*, is a citizen of Pennsylvania for diversity purposes.

## II. Fraudulent Joinder Generally

GSK, which, as noted, is the entity that actually removed this case, contends that diversity of citizenship is complete because SKB no longer exists. GSK asserts that it is the successor entity to SKB, which has been dissolved and reconstituted as an LLC. The sole member of GSK is GlaxoSmithKline Holdings (Americas), Inc., a corporation incorporated under Delaware law with its principal place of business in Delaware; therefore, GSK would be a citizen of Delaware for diversity purposes. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) (the citizenship of a limited liability company for diversity purposes is the citizenship of each of its members). Because none of the Plaintiffs in this case are Delaware citizens, GSK argues, there is complete diversity of citizenship in this case.

The Court construes GSK's argument for the existence of diversity jurisdiction in this case as a claim that SKB has been fraudulently joined to defeat diversity. In evaluating diversity of citizenship, a court must disregard a defendant that has been fraudulently joined. *See Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999); *LaRoe v. Cassens & Sons, Inc.*, 472 F. Supp. 2d 1041, 1045 (S.D. Ill. 2006).

In the Seventh Circuit, a defendant is fraudulently joined when "there is no possibility that a plaintiff can state a cause of action against [the] nondiverse defendant[ ] in state court, or where there has been outright fraud in plaintiff's pleading of jurisdictional facts." *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993). *See also Hoosier Energy Rural Elec. Coop., Inc. v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310, 1315 (7th Cir. 1994). A defendant seeking removal based on alleged fraudulent joinder has the "heavy burden" of proving that, after the court resolves all issues of law and fact in the plaintiff's favor, there is no possibility that the plaintiff can establish a cause of action against the diversity-defeating defendant in a

state court, a standard that, the United States Court of Appeals for the Seventh Circuit suggested recently, may be "even more favorable to the plaintiff than the standard that applies to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 764 (7th Cir. 2009). This is because, in evaluating fraudulent joinder, a court is narrowly confined to the pleadings and must resolve all questions of fact and of law against removal, save in a small class of cases where a plaintiff's inability to establish a cause of action against a diversity-defeating party in state court can be proven incontrovertibly through summary evidence. *See Moore v. Johnson & Johnson*, Civil No. 09-854-GPM, 2009 WL 3349859, at *3 (S.D. Ill. Oct. 19, 2009) (collecting cases).

### III.     Applicable Pennsylvania Law Defeats Any Argument as to Fraudulent Joinder

Having recited the applicable legal standards, the Court turns to the relevant state law. Pennsylvania law provides for a corporation organized under the law of Pennsylvania to dissolve itself by becoming domesticated under the law of another state:

> Whenever a domestic business corporation has domesticated itself under the laws of another jurisdiction by action similar to that provided by section 4161 (relating to domestication) and has authorized that action by the vote required by this subchapter for the approval of a proposal that the corporation dissolve voluntarily, the corporation may surrender its charter under the laws of this Commonwealth by filing in the Department of State articles of dissolution under this subchapter containing the statement specified by section 1977(b)(1) through (4) (relating to articles of dissolution). . . . .

15 Pa. Cons. Stat. Ann. § 1980 (West 2010). *See also* 15 Pa. Cons. Stat. Ann. § 1977 (West 2010); *Atl. Richfield Co. v. Blosenski*, 847 F. Supp. 1261, 1281-82 (E.D. Pa. 1994). In this instance it appears from the record that on October 27, 2009, SKB filed articles of dissolution containing the requisite declarations with the Pennsylvania Department of State and was

domesticated as an LLC under Delaware law. This is not quite the end of the matter, however, because dissolution is not necessarily the end of a corporation's life for purposes of litigation.

As the Seventh Circuit Court of Appeals has noted, states have enacted so-called "survival statutes" authorizing suits by and against dissolved corporations during a specified period of time in order to ensure the orderly winding up of the affairs of a dissolved corporation and to protect the corporation's creditors. "Under the common law a corporation's capacity to sue or be sued terminated when the corporation was legally dissolved. Today, however, the harshness of the common law on creditors and shareholders has been replaced in every state by statutes which extend the corporate life for a definite time for the purpose of prosecuting and defending suits." *Canadian Ace Brewing Co. v. Joseph Schlitz Brewing Co.*, 629 F.2d 1183, 1185 (7th Cir. 1980) (citation omitted). *See also Soo Line R.R. Co. v. B.J. Carney & Co.*, 797 F. Supp. 1472, 1479 (D. Minn. 1992) ("[L]egislatures enacted survival statutes to permit corporations to wind up their affairs in an orderly manner and to prevent them from dissolving in order to escape creditors."); *Davis v. St. Paul Fire & Marine Ins. Co.*, 727 F. Supp. 549, 551 (D.S.D. 1989) ("[S]urvival statutes arbitrarily extend the life of the corporation to allow remedies connected with the corporation's existence to be asserted . . . . These statutes also prevent a corporation from escaping its creditors by dissolution."). The relevant provisions of Pennsylvania's corporations code, titled "Survival of remedies and rights after dissolution," state:

> (a) General rule. – The dissolution of a business corporation, either under this subchapter or under Subchapter G (relating to involuntary liquidation and dissolution) or by expiration of its period of duration or otherwise, shall not eliminate nor impair any remedy available to or against the corporation or its directors, officers or shareholders for any right or claim existing, or liability incurred, prior to the dissolution, if an action or proceeding thereon is brought on behalf of:

>   (1) the corporation within the time otherwise limited by law; or
>   (2) any other person before or within two years after the date of the dissolution or within the time otherwise limited by this subpart or other provision of law, whichever is less. See sections 1987 (relating to proof of claims), 1993 (relating to acceptance or rejection of matured claims) and 1994 (relating to disposition of unmatured claims).

15 Pa. Cons. Stat. Ann. § 1979 (West 2010).

In light of Pennsylvania law authorizing suits by and against dissolved Pennsylvania corporations, where, as here, a timely suit has been brought against SKB, a dissolved Pennsylvania corporation, SKB is neither a nominal party to this suit nor a fraudulently joined party. *See Alexander v. SmithKline Beecham Corp.*, No. 09-cv-1072-DRH, 2010 WL 750031, at *5 (S.D. Ill. Mar. 3, 2010)*; Colon v. SmithKline Beecham Corp.*, Civil No. 09-1073-GPM, 2010 WL 46523, at *4 (S.D. Ill. Jan. 5, 2010); *Jocz v. Eichleay Eng'rs, Inc.*, Civil Action No. 08-4063, 2008 WL 5157503, at **2-4 (E.D. Pa. Dec. 9, 2008); *F.P. Woll & Co. v. Fifth & Mitchell St. Corp.*, No. Civ.A. 96-CV-5973, 2001 WL 34355652, at **2-3 (E.D. Pa. Dec. 13, 2001). Nevertheless, GSK argues that dissolution of a Pennsylvania corporation through domestication of the corporation under the law of another state is merely a change of the corporation's domicile, relying upon a 2001 commentary of somewhat uncertain provenance that states:

>   The effect of filing under this section is not to dissolve the corporation in the ordinary sense but simply to terminate its status as a domestic business corporation. The existence of the corporation is not affected because the same entity continues to exist in the new jurisdiction of incorporation.

15 Pa. Cons. Stat. Ann. § 1980 cmt (West 2010). The Pennsylvania Code explains that such comments "may be consulted in the construction or application of the original provisions of the statute if such comments . . . were published or otherwise generally available prior to the consideration of the statute by the General Assembly, but the text of the statute shall control in

9

the event of conflict between its text and such comments . . . ."  1 Pa. Cons. Stat. Ann. § 1939 (West 2010).

The touted comments were published more than ten years after the passage of the portion of the statute at issue; accordingly, such comments may not even be considered by the Court. Further, the text and title ("dissolution by domestication) of the statute and the commentary upon which SKB relies are seemingly inconsistent.  This, of course, would dictate reliance on the statute.  Even more importantly, there is Pennsylvania case law that suggests that, even in the case of a Pennsylvania corporation dissolved under § 1980, the code "requires that the debts and liabilities of the corporation are satisfied by the corporation or discharged by a court of law prior to final dissolution."  *Belle v. Chieppa*, 659 A.2d 1035, 1040 n.1 (Pa. Super. Ct. 1995) (citing 15 Pa. Cons. Stat. Ann. §§ 1971-1980) (emphasis omitted).  To hold that a Pennsylvania corporation dissolved under § 1980 remains subject to suit in its own name is consistent with the statutory policy of protecting the creditors of dissolved corporations and with the principle, already noted, that in evaluating a claim of fraudulent joinder to defeat diversity jurisdiction, ambiguities in the pertinent state law are to be decided against removal and in favor of remand. *See Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992) (to prove fraudulent joinder "[t]he defendant must show that, after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant.") (emphasis in original); *Rutherford v. Merck & Co.*, 428 F. Supp. 2d 842, 850 n.1 (S.D. Ill. 2006) (quoting *Dodson v. Spiliada Mar. Corp.*, 951 F.2d 40, 42 (5th Cir. 1992)) ("In evaluating fraudulent joinder claims, we must . . . resolve all . . . ambiguities in the controlling state law in favor of the non-removing party.").

In summation, the Court concludes that GSK has failed to show that SKB has been fraudulently joined to defeat diversity jurisdiction. Accordingly, this case will be remanded to state court for lack of subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion to Remand (Doc. 5), thereby **REMANDING** this matter to the Twentieth Judicial Circuit, St. Clair County, Illinois, for lack of subject matter jurisdiction.  Further, since oral argument is not necessary to assist the Court in analyzing the issues presented in the instant remand motion, the Court **DENIES** SKB's Motion (Doc. 8) for a hearing.  Finally, the Court **GRANTS** Plaintiffs' Motion (Doc. 11) to supplement.

**IT IS SO ORDERED.**
**DATED: April 28, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**